UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL J. TANNER                                          CIVIL ACTION

V.                                                      NO. 17-5141

BD LAPLACE, LLC                                         SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's appeal of the Magistrate Judge's June 20, 2018 Order granting the defendant's motion to compel discovery. For the following reasons, the Magistrate Judge's Order is AFFIRMED.

**Background**

Paul Tanner was employed at BD LaPlace, LLC as a crane operator from 2006 until 2016. BD LaPlace is an industrial steel manufacture based in LaPlace, Louisiana. In early 2016, Tanner's employer received several complaints of Tanner's erratic workplace behavior and initiated an investigation.[1] BD LaPlace required Tanner to submit to a mandatory fitness for duty evaluation in February 2016 administered by a mental health professional. When Tanner refused to submit to the evaluation, BD LaPlace determined that Tanner had abandoned his job and terminated his employment on

---

[1] Tanner's co-workers had reported that Tanner was talking to himself, openly questioning whether he was seeing things, confrontational with co-workers, and discussing aloud workplace shootings.

1

March 4, 2016. Tanner has since been designated as disabled by the Social Security Administration.

Tanner sued BD LaPlace on May 23, 2017, alleging that it violated the Americans with Disabilities Act when it required that he submit to a mandatory medical evaluation to continue employment. He also alleged unpaid wages under the Louisiana Wage Payment Act. He is seeking back pay, front pay, bonus payments, attorney's fees, and $100,000 for emotional stress. On September 11, 2017, the defendant propounded its first set of interrogatories and requests for production of documents. It sought the plaintiff's medical records and information relating to his Social Security disability designation and benefits. The plaintiff refused to provide the defendant with any information regarding his mental health or access to any of his medical records. This dispute made little progress over the following six months because the plaintiff's counsel withdrew on October 12, 2017, and while other counsel enrolled, he also quickly withdrew. The plaintiff was unrepresented for several months until the plaintiff's current counsel enrolled on March 23, 2018. On May 11, 2018, the defendant requested that the plaintiff provide his medical records, his attempts to obtain subsequent employment, and information relating to this income after his employment at BD LaPlace. After unsuccessfully attempting to contact the plaintiff's counsel to obtain this information, the defendant moved to compel discovery.

It requested the Court to compel the plaintiff to execute authorizations and/or produce his medical records, his Social Security disability application, designation and benefits information, his attempts to obtain subsequent employment, and his income since abandoning his employment with the defendant. The Magistrate Judge granted the defendant's motion on June 20, 2018. The plaintiff moved to review the Magistrate Judge's order on July 4, 2018.

I.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the Magistrate Judge to the District Judge. A Magistrate Judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 363(b)(1)(A). If a party objects to a Magistrate Judge's ruling on a non-dispositive matter, the Court will disturb a Magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

3

II.

The Magistrate Judge declined to issue an Order and Reasons, but instead included his reasons for granting the defendant's motion to compel in a minute entry. He held: "The Plaintiff has clearly placed at issue in this case his mental condition and whether he was qualified to perform the essential functions of his position, he is to execute and provide Defendant with the necessary authorizations within 10 days."

The plaintiff seeks review on the grounds that the mental health records and the financial records are not relevant. The plaintiff was ordered to produce medical records for the last ten years, and financial records from 2014 to present. The plaintiff contends that the defendant violated the ADA by requiring the plaintiff to undergo an examination for a perceived disability. He quite mistakenly claims that it is irrelevant whether the plaintiff actually had a mental ailment. The plaintiff also claims that financial records from before the plaintiff's termination are irrelevant to the issue of damages. However, the plaintiff fails to reference any case law or provide any further support to demonstrate that the Magistrate Judge was clearly erroneous in his holding. The defendant correctly contends that the plaintiff's medical history is relevant to determining if he was qualified for the job, an essential element of an ADA claim. Cannon v. Jacobs Field Servs. North America, Inc., 813 F.3d 586, 590 (5th Cir.

2016)(holding that to establish a *prima facie* case under the ADA, the plaintiff must show that: "(1) the plaintiff has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability."). The defendant adds that it is relevant to the determination of his mental distress damages claim. It asserts that the financial documents at issue are relevant to determining damages.

Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery is relevant if it is "admissible or reasonably calculated to lead to the discovery of admissible evidence." McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990)(internal quotations omitted). Privileged information, such as communications between a patient and his physician or psychotherapist, may be waived when the patient has placed his mental condition at issue. Stogner v. Sturdivant, No. 10-125, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011)("Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interest in his medical records."); Butler v. Louisiana Dept. of Public Safety & Corr., No. 12-420, 2013 WL 2407567, at *3 (M.D.

La. May 29, 2013)("If the Court determines, however, that proof of the elements of Plaintiff's causes of action requires the use of the privileged material, then the Court is proper to conclude that the psychotherapist-patient has been waived."). Courts have held that the production of medical information and social security benefit information is relevant and proportional to an ADA disability discrimination claim. Mir v. L-3 Commc'ns Integrated Sys., L.P., 319 F.R.D. 220, 232 (N.D. Tex. 2016).

The Magistrate Judge did not erroneously grant the defendant's motion to compel. The Magistrate Judge was not unreasonable in determining that the plaintiff's medical records are relevant, and that the plaintiff waived the privilege by putting his medical condition at issue by bringing the suit and seeking damages based on his emotional distress. It is not unreasonable to conclude that medical records are relevant to evaluating whether the plaintiff was qualified for the job or to determine whether the defendant violated the ADA when it ordered the plaintiff to undergo a medical evaluation after concerns that he may be experiencing mental health issues. His financial records are obviously relevant to the determination of damages, as Tanner's past and present income are admissible or may lead to the admissibility of evidence that may be introduced to evaluate his damages.

Accordingly, IT IS ORDERED: that the plaintiff's motion to review the Magistrate Judge's June 20, 2018 Order granting the defendant's motion to compel discovery is DENIED, and the Magistrate Judge's Order is AFFIRMED.

New Orleans, Louisiana, July 23, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE