UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL J. TANNER | CIVIL ACTION |
| v. | NO. 17-5141 |
| BD LAPLACE, LLC | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss pursuant to Rules 34(b)(2)(A)(v) and 41(b). For the following reasons, the motion is DENIED without prejudice.

**Background**

Paul Tanner was employed at BD LaPlace, LLC as a crane operator from 2006 until 2016. BD LaPlace is an industrial steel manufacture based in LaPlace, Louisiana. In early 2016, Tanner's employer received several complaints of Tanner's erratic workplace behavior and initiated an investigation. BD LaPlace determined that Tanner would need to undergo a mandatory fitness for duty evaluation in February 2016 administered by a mental health professional. When Tanner refused to submit to the evaluation, BD LaPlace determined that Tanner had abandoned his job and terminated his employment on March 4, 2016. Tanner has since been designated as disabled by the Social Security Administration.

On May 23, 2017, Tanner sued BD LaPlace alleging that forcing him to submit to a mandatory medical evaluation to continue employment violated the Americans with Disabilities Act. He also alleged claims for wrongful discharge under the ADA and for unpaid wages under the Louisiana Wage Payment Act. He is seeking back pay, front pay, bonus payments, attorney's fees, and $100,000 for emotional stress. On September 11, 2017, the defendant propounded its first set of interrogatories and requests for production of documents on the plaintiff. It sought the plaintiff's medical records and information relating to his Social Security disability designation and benefits. The plaintiff refused to provide the defendant with any information regarding his mental health or access to any of his medical records. This dispute made little progress over the following six months after the plaintiff's original and subsequently enrolled counsel withdrew from representation. The plaintiff was unrepresented for several months until the plaintiff's current counsel enrolled on March 23, 2018. On May 11, 2018, the defendant requested that the plaintiff provide the defendant with the plaintiff's medical records, his attempts to obtain subsequent employment, and information relating to his income after his employment at BD LaPlace. After unsuccessfully attempting to contact the plaintiff's counsel to obtain this information, the defendant moved to compel the

plaintiff to execute authorizations and/or produce his medical records, his Social Security disability application, designation and benefits information, his attempts to obtain subsequent employment, and his income since abandoning his employment with the defendant. The Magistrate Judge granted the defendant's motion on June 20, 2018. The plaintiff moved this Court to review the Magistrate Judge's order, but the plaintiff's motion was denied and the Magistrate Judge's order was affirmed on July 23, 2018.

The defendant now moves to dismiss the plaintiff's lawsuit with prejudice on the ground that the plaintiff has willfully disregarded the Court's two orders compelling the plaintiff to provide a list of mental healthcare providers and submit the necessary authorizations for medical and social security records.

I.

Under Rule 37(b)(2), a court has the authority to "impose 'just' sanctions on parties who disobey a discovery order." FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "because dismissal is a severe sanction that implicates due process," a dismissal with prejudice is a "draconian remedy" and a "remedy of last resort." Id. (quoting Batson v. Neal Spelce Associates, Inc., 765 F.2d 511, 515 (5th Cir. 1985)). The Fifth Circuit has outlined four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order":

3

(1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) "the violation . . . must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." Id. at 1380-81 (quoting Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990)).

Rule 41(b) provides the Court with authority to dismiss an action if a "plaintiff fails to prosecute or to comply with . . . a court order." Fed.R.Civ.P. 41(b). A dismissal under Rule 41(b) may be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1118, 1191 (5th Cir. 1992)(quoting Callip v. Harries County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1986)). A court shall also look for "at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id. (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986)).

4

II.

The defendant seeks dismissal under Rule 37(b)(2)(A)(v) and Rule 41(b) on the grounds that the plaintiff has failed to comply with the court orders requiring him to produce a list of mental health providers and records and Social Security authorizations. Specifically, the defendant contends that the plaintiff improperly narrowed the scope of discoverable medical records. The defendant adds that the plaintiff still has not provided a Social Security disability records release authorization and is in violation of two court orders that he do so.

The plaintiff counters that a list of all treating physicians has been produced and that any delay in providing information to the defendant is due to the new counsel's difficulty in understanding the details in a case that has generated an "overwhelming amount of paper." The plaintiff contends that he has not willfully defied any court order.

The Court finds that the standards under Rules 37(b)(2) and 41(b) have not been met. First, there is not a clear record of delay and contumacious conduct undertaken willingly or in bad faith. While the Court ordered the plaintiff to produce a list of mental health care providers, it is unclear whether the plaintiff's list of providers noted in the medical records authorization is already inclusive of mental health professionals.

Second, although the Court's order noted that the plaintiff's medical records are relevant to this action, it did so cognizant of the defendant's original interrogatories requesting ten years of records. The defendant's argument that the plaintiff unilaterally limited the scope from "All Dates of Treatment" to a ten year period from June 2006 to June 2016 is not consistent with the defendant's original request – and is not yet contumacious.

The Court notes that the plaintiff has yet to execute a Social Security Administration disability records release authorization and is in violation of this Court's order to do so. The Court admonishes counsel for their inattention. The Court cautions the plaintiff that if the authorization is not executed, or the plaintiff disregards other requirements of this Order, the Court could then entertain a motion to dismiss the case with prejudice as a sanction.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss this case pursuant to Rules 34(b)(2)(A)(v) and 41(b) is DENIED without prejudice. IT IS FURTHER ORDERED: that the plaintiff shall provide to the defendant within five days a list of any and all mental health providers and treatments from the last ten years or certify that the plaintiff has not received an examination or treatment from a mental health care professional. IT IS FURTHER ORDERED: that the plaintiff shall execute and submit to the

defendant within five days a Social Security Administration disability records release authorization.[1]

                New Orleans, Louisiana, September 26, 2018

                              _____
                                MARTIN L. C. FELDMAN
                          UNITED STATES DISTRICT JUDGE

---

[1] Failure to comply with this Court's Order and Reasons could not only result in dismissal of this case, but could also trigger the application of 28 U.S.C. § 1927.

7